**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WALTER SHAFFER,** | ) | **CASE NO. 4:12CV3121** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **MAGISTRATE JUDGE** |
| | ) | **GEORGE J. LIMBERT** |
| **v.** | ) | |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | **MEMORANDUM OPINION &ORDER** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the application for payment of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") filed by Plaintiff, Walter Shaffer ("Plaintiff") on June 27, 2013. ECF Dkt. #22. On July 10, 2013, Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), filed a response brief opposing both the number of hours and the hourly rate requested by Plaintiff's counsel. ECF Dkt. #23. On July 22, 2013, Plaintiff filed a reply brief. ECF Dkt. #24. On July 23, 2013, Plaintiff filed a supplement to his application for EAJA fees seeking additional fees related to the preparation of the reply brief. ECF Dkt. #25. The Commissioner did not file a brief in response to the supplemental motion. For the following reasons, the application is GRANTED in the amount of $6,157.64.

**I.    LAW AND ANALYSIS**

    **A.    EAJA**

On May 31, 2013, this Court granted the Commissioner's unopposed motion to remand this case under the fourth sentence of 42 U.S.C. Section 405(g), vacating the Commissioner's decision

and remanding the case to the Social Security Administration. ECF Dkt. #20. The Commissioner filed the motion to remand in response to Plaintiff's brief on the merits, which was filed on April 25, 3013. ECF Dkt. #17.

The EAJA provides that a plaintiff shall be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

### 1. PREVAILING PARTY

The Commissioner does not dispute that Plaintiff is a prevailing party.

### 2. SUBSTANTIALLY JUSTIFIED

The Commissioner does not contend that her position was substantially justified.

### 3. NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B. REASONABLENESS OF FEES AND COSTS

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 100 S.Ct. 2316, 110 L.Ed.2d 134. (1990). The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from thirty to forty. *Hayes*

*v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir.1990). Although the EAJA limits attorney fees to the litigation process, 28 U.S.C. §2413(a)(1), this includes the EAJA application process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.*, quoting 28 U.S.C. § 2412(d)(2)(A)(ii). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In this case, Plaintiff requests attorney fees at an hourly rate of $177.85 for 4.1 hours of work performed in 2012 by Attorney Matthew Shupe, and $179.75 for 15 hours of work performed in 2013 by Attorney Shupe, for a fee totaling $3,425.44. Plaintiff requests attorney fees at an hourly rate of $179.75 for 8 hours of work performed in 2013 by Attorney Chad Delesk, for a fee totaling $1,438.00, and an aggregate fee of $4,863.44. Plaintiff also seeks additional fees in the amount of $1,294.20 for 7.2 hours billed by Attorney Shupe for researching and drafting the reply brief in support of the EAJA motion, resulting in a total aggregate fee of $6,157.64 for a total of 34.3 billed hours. The Commissioner challenges both the requested attorney hourly rate and the number of hours billed by Plaintiff's counsel as excessive.

**1**. **HOURLY RATE INCREASE**

The EAJA provides a presumptive statutory cap of $125.00 per hour on the hourly billing rates that a claimant may recover for attorney fees "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A prevailing party who requests an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec*., 578 F.3d 443, 450 (6th Cir. 2009). A plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*., quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ).

The Commissioner asserts that Plaintiff has failed to provide adequate support for an increase in the attorney hourly rate with her motion for attorney fees. The undersigned recognizes that Judges in this District have disagreed about the quantity of evidence that must be shown in order to justify an increase in EAJA attorney fees above the statutory cap of $125.00 per hour. *See De Nunez v. Comm'r of Soc. Sec*., No. 1:11CV2285, 2013 WL 60429 (N.D. Ohio Jan. 3, 2013)(evidence consisting of counsels' resumes, Consumer Price Index ("CPI") for legal services and National Law Journal and ALJ Legal Intelligence report entitled *The Survey of Law Office Economics*, 2011 Edition, insufficient to warrant increase in hourly rate); *but see Cogar v. Astrue*, No. 5:11CV1585 (N.D. Ohio Nov. 13, 2012)(Midwest Urban CPI and Ohio State Bar Association report entitled *The Economics of Law Practice in Ohio*, Desktop Reference for 2010 sufficient evidence to warrant increase in hourly rate); *see also Rodriguez v. Comm'r of Soc. Sec.,* No.

3:11CV398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012)(sufficient evidence presented to warrant increase in hourly rate where motion for attorney fees included counsels' resumes, the CPI, *The Economics of Law Practice in Ohio*, Desktop Reference for 2010, and *The Survey of Law Office Economics*, 2011 Edition); *Vasquez v. Astrue*, No. 3:11CV177, 2012 WL 3637676, at *3 (N.D. Ohio Aug. 22, 2012)(increase in statutory hourly rate warranted based upon evidence submitted of *The Survey of Law Economics*, 2011 Edition and the CPI); *see also Jaworski v. Astrue*, No. 1:10CV2936, 2012 WL 355263, at *3 (N.D. Ohio Aug. 16, 2012)(attorney rate of $176.95 per hour reasonable and appropriate based upon evidence provided of *The Survey of Law Office Economics*, 2011 Edition and *The Economics of Law Practice in Ohio*).

In *Hawk v. Astrue*, No. 4:11CV196, 2013 WL 139799 (N.D.Ohio 2013), the undersigned had occasion to consider the evidence necessary to justify an increase in the EAJA hourly rate. In light of the holdings by colleagues in this District, the undersigned held in *Hawk* that an hourly rate increase for attorney fees for 2011 and 2012 was justified when counsel provided the CPI, *The Economics of Law Practice in Ohio*, attorney affidavits outlining experience in the field, itemized statements of work performed, calculations of the hourly rate increases for 2011 and 2012 based upon the CPI, and the affidavit of another experienced attorney in the practice of social security law as to her hourly rate. The undersigned found that this was "satisfactory evidence – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* citing *Bryant*, 578 F.3d at 450, quoting *Blum*, 465 U.S. at 895 n. 11.

In the instant case, Plaintiff attached the CPI, *The Economics of Law Practice in Ohio*, itemized statements of services provided by counsel through affidavits of counsel, affidavits of counsel attesting to their experience, and the affidavit of another experienced Social Security

-5-

practitioner. The undersigned accepts the evidence and finds that it adequately supports an increase in the hourly rate for attorney fees.

Next, the undersigned must determine whether the hourly rates requested by Plaintiff are the prevailing hourly rates for attorney fees in this locality. In order to determine the increase in the cost of living, the Bureau of Labor Statistics, United States Department of Labor, determines the cost of a list of consumer goods that is known as the Consumer Price Index for all urban consumers ("CPI-U") for several metropolitan areas including the Cleveland/Akron, Ohio area. Cleveland/Akron's CPI-U is calculated every two months, in the odd numbered months. The CPI-U for the Cleveland/Akron area for March 1996, the month the EAJA was amended, was 150.91. To calculate the appropriate EAJA fee for services provided each year, the following formula is used: CPI for year of services ÷ CPI for 3/96 x statutory hourly rate. Thus the EAJA rate for 2012 compensable hours is 214.712 ÷ 150.9 = 1.42 x $125.00 = $177.85. The EAJA rate for 2013 compensable hours is 217.003 ÷ 150.9 = 1.44 x $125.00 = $179.75.

The undersigned notes that Federal courts in Ohio have used the CPI cited by Plaintiff in calculating the cost of living increase in hourly attorney fee rates. See *Killings v. Comm'r of Soc. Sec. Admin.*, No. 1:09CV845, 2009 WL 3614956, at *2 (N.D. Oct. 28, 2009), unpublished (citing cases). This Court has discretion in determining the hourly rate. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

Accordingly, the hourly rates requested herein are reasonable and appropriate, as well as consistent with the rates of comparable disability law firms in Northern Ohio. See e.g., *Killings v. Colvin*. 2013 WL 1455818 (N.D. Ohio Apr. 10, 2013 (Roose & Ressler granted EAJA fees at the rate of $180.54 per hour for 2011 and 2012 compensable hours); *Benyo v. Colvin*, 2013 WL 1195528 (N.D. Ohio Mar. 22, 2013)(Law Offices of Louise Mosher granted EAJA fees at the rate

of $176.50 per hour for 2012 compensable hours and $175 per hour for 2011 compensable hours); *Lanken v. Comm'r of Soc. Sec.*, 2013 WL 237478 (N.D. Ohio Jan. 22, 2013)(Shifrin Newman Smith, Inc. granted EAJA fees at the rate of $176 per hour for 2011 and 2012 compensable hours); *Rodriguez v. Comm'r of Soc. Sec.*, 2012 WL 2905928 (N.D.Ohio July 16, 2012)(Roose & Ressler granted EAJA fees at the rate of $176.95 per hour for 2011 and 2012 compensable hours).

### 2. HOURS BILLED

Having resolved the Commissioner's challenge to the hourly rate, the undersigned turns to the Commissioner's objections to the amount of time billed. The Commissioner raised three objections to the specific time billed in the application.

First, the Commissioner cites *Melkonyan v. Sullivan*, 501 U.S. 89 (1991) for the proposition that pre-complaint efforts are not compensable under the EAJA. *Melkonian* does not support the Commissioner's position. Moreover, courts within this District have consistently compensated attorneys for pre-complaint activities associated with the filing of a civil action under the EAJA. See, e.g., *Philips v. Comm'r of Soc. Sec.*, No. 1:10-cv-02563 (N.D. Ohio Apr 24, 2013) (McHargh, J); *Waller v. Comm'r of Soc. Sec.*, No. 1:12-cv-00798 (N.D. Ohio Apr 19, 2013) (Gwin, J); *Walker v. Comm'r of Soc. Sec.*, No. 5:12-cv-00670 (N.D. Ohio Ap. 10, 2013 (White, J); *Santillo v. Comm'r of Soc. Sec.*, No. 1:11-cv-00468 (N.D. Ohio Apr 5, 2013) (Boyko, J); *Burgess v. Comm'r of Social Sec.*, 2013 WL 1818833 (N.D. Ohio Feb 12, 2013) (Baughman, J), adopted *Burgess v. Astrue*, 2013 WL 1811889 (N.D. Ohio Apr 29, 2013)(Oliver, J); *Hawk v. Astrue*, 2013 WL 139799 (N.D. Ohio Jan 10, 2013) (Limbert, J); *Daniels v. Comm'r of Soc. Sec.*, No. 1:11-cv-00806 (N.D. Ohio Jan 4, 2013) (Gwin, J); *Epperson v. Comm'r of Soc. Sec.*, 2012 WL 5610774 (N.D. Ohio Nov 15, 2012) (Lioi, J); *English v. Comm'r of Soc. Sec.*, No. 1:09-cv-00298 (N.D. Ohio Feb 5, 2010)

(Aldrich, J); *Jones v. Comm'r of Soc. Sec.*, No. 1:08-cv-01135 (N.D. Ohio Jan 13, 2010) (Pearson, J).

Second, the Commissioner objects to the amount of time charged for the preparation of the brief on the merits. Attorney Shupe billed 10.5 hours and Attorney Delesk billed 8 hours for a total of 18.5 hours attributed to reviewing the administrative record and drafting the brief. The Commissioner contends that eleven hours is reasonable for a twenty-two page brief, and accuses Attorney Shupe and Attorney Delesk of duplicative billing.

The Commissioner has offered little more than conjecture to support her conclusions. The Commissioner writes:

> Apparently, Mr. Shupe reviewed the 96 page transcript and, 10 days later, performed legal research. Ex. E. Then, Mr. Delesk received the 696 page transcript, reviewed it "for accuracy and completeness," outlined "potential issues," presumably in support of summary judgment, and drafted, edited, and finalized the procedural history and statement of facts sections of the brief. Ex. F. Mr. Shupe then proceeded to draft the legal arguments while performing additional research. Ex. E.

ECF Dkt. #23 at p. 4.

Having reviewed several of the EAJA applications filed by Plaintiffs' counsel in other cases, the undersigned finds that it is common practice for at least two attorneys to work on the same file. *Id.* Attrorneys Shupe and Delesk appear to have divided the work on the brief, with Shupe drafting the legal arguments and Delesk reviewing the file and drafting the procedural history and the facts. Furthermore, although 18.5 hours spent on the merits brief is at the high end of the cited cases, see e.g., *Philips, supra* (13 hours); *Waller, supra* (14.5 hours) ; *Walker , supra* (16 hours); *Santillo, supra* (13.3 hours); *Burgess, supra* (15.6 hours), the Commissioner has not demonstrated that the time billed for the preparation of the merits brief is unreasonable.

Lastly, the Commissioner challenges counsel's bill to the extent that it contains charges for drafting a notice of appearance and a motion for extension of time to file the merits brief. The Commissioner asserts that counsel seeks reimbursement for twenty-four minutes, when six minutes is reasonable.

Courts in this district have recognized the following distinction between billable legal work and non-billable clerical work:

> Purely clerical or secretarial tasks, that is, non-legal work, should not be billed – even at a paralegal rate – regardless of who performs the work. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). For example, dictation and typing are non-compensable, as they are part of the overhead of any law office. See *Wiegand v. Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir.1990) (affirming the district court's reduction of fees). However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate. See *Taylor v. Barnhart*, No. 00 c 7782, 2002 WL 31654944 at *4 (N.D.Ill.Nov.22, 2002). But see *Knudsen v. Barnhart*, 360 F.Supp .2d 963, 977 (N.D.Iowa 2004)(finding that retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F.Supp. 1167, 1170 (N.D.N.Y.1987)(finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

*Rodriguez v. Commissioner*, 2012 WL 2905928, at *3 (N.D.Ohio July 16, 2012). Here, the Commissioner argues that it is unreasonable to seek reimbursement for time spent preparing a motion for extension of time to file the merit brief, insofar as such a motion is predicated upon counsel's failure to timely file the brief. Ironically, the Commissioner does not object to the time billed to review the Commissioner's motion for extension of time to file her brief on the merits. Motions for extension of time to file briefs are commonplace in social security appeals. Because counsel filed a single motion for extension of time and block billed the twenty-four minutes at

issue for both the motion for extension of time and the notice of appearance, the undersigned does not find the time billed to be unreasonable.

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's application for the award of attorney fees pursuant to the EAJA, ECF Dkt. #22, in the amount of $6,157.64. The Court notes that the Commissioner has previously challenged the payment of EAJA attorney fees directly to counsel in some cases pursuant to *Astrue v. Ratliff*, 560 U.S.586, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010) and has agreed to direct payment of these fees in other cases. In this case, the undersigned orders the Commissioner to follow the same procedure that she has followed in other cases, which is to determine whether Plaintiff owes a preexisting debt and offset that debt within thirty days from the date of the Court's Order and thereafter directly pay to Plaintiff's attorney the balance to be credited toward attorney fees.

IT IS SO ORDERED.

Date: January 16, 2014                  */s/George J. Limbert*
                                                                                 GEORGE J. LIMBERT
                                                                                UNITED STATES MAGISTRATE JUDGE